# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KENNETH JACKSON, | : | Case No. 3:11-cv-358 |
| Plaintiff, | : | District Judge Thomas M. Rose<br>Magistrate Judge Michael J. Newman |
| vs. | : | |
| COMMISSIONER OF<br>SOCIAL SECURITY, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THE CASE BE CLOSED**

This is a Social Security appeal brought pursuant to 42 U.S.C. § 405(g) and §1383(c). At issue is whether the Administrative Law Judge ("ALJ") erred in finding that Plaintiff Kenneth Jackson ("Plaintiff") was not "disabled," and therefore unentitled to Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

This case is before the Court upon Plaintiff's Statement of Errors (doc. 6), the Commissioner's Memorandum in Opposition (doc. 7), Plaintiff's Reply (doc. 8), the administrative record, and the record as a whole.

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

# I. BACKGROUND

**A. Procedural History**

Plaintiff filed his applications for DIB and SSI in August 2008, asserting that he has been under a "disability" since March 31, 2004. *See* Administrative Transcript ("Tr.") 117-42. Plaintiff claims he is disabled due to back pain. Tr. 151.

Following initial administrative denial of his applications, Plaintiff received a video hearing before ALJ Roy Richardson on September 27, 2010. Tr. 22-49. On November 9, 2010, ALJ Richardson issued a written decision, concluding that Plaintiff was not "disabled." Tr. 11-17.

Specifically, the ALJ's "Findings," which represent the rationale of his decision, were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2009.

2. The claimant has not engaged in substantial gainful activity since March 31, 2004, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: Degenerative disc disease, arthralgia, and chronic obstructive pulmonary disease (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the [ALJ] finds that the claimant has the residual functional capacity ["RFC"] to lift/carry 10 pounds frequently and 20 pounds occasionally, stand/walk 6 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday. The claimant's ability to push/pull would be limited to the weights given. The claimant would be unable to climb ramps, stairs, ladders, ropes, or scaffolds. He is limited to occasional kneeling, stooping, crouching, or crawling. The

    claimant would need to avoid concentrated exposure to smoke, dust fumes, gases, and temperature extremes.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.  The claimant was born on January 29, 1961 and is currently 49 years old, which is defined as a younger individual age 18-49 (20 CFR 404.1563 and 416.963).

8.  The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11.  The claimant has not been under a disability, as defined in the Social Security Act, from March 31, 2004, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. 13-17.

  Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. Tr. 2-7. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal on October 14, 2011. Doc. 2.

  **B.**  **Plaintiff's Testimony**

  Plaintiff testified at the administrative hearing that he is unable to work because of pain in his lower back and legs, left shoulder pain, and chronic obstructive pulmonary disease

("COPD"). Tr. 27. Plaintiff described his lower back pain as "constant," and testified that the pain radiates into his right leg. *Id.* His medication includes Tramadol, Combivent, and Albuterol. Tr. 27, 33. Plaintiff also spoke about experiencing pain in his left shoulder when lifting. Tr. 27-28.

Regarding his activities of daily living, Plaintiff testified that he does housework, yard work, cooking, and household repairs, but noted that it takes him a significant amount of time to do these things. Tr. 28-30. He sometimes goes grocery shopping, but does not have a driver's license because he lost it due to a DUI. Tr. 28-31. He testified that he takes care of his three year-old son while his wife works full-time. Tr. 28.

Plaintiff testified that he is skilled in carpentry and that he installed new kitchen cabinets and flooring in his mobile home during the twelve months prior to the hearing. Tr. 29. Nevertheless, he testified that he did those tasks slowly, and had to limit his activities for several days afterwards. Tr. 37. He also described difficulty with basic daily activities, such as putting on pants and getting into and out of the bathtub. Tr. 31. He testified that his pain will sometimes flare up when he is doing nothing more than sitting, and that his pain is so significant that he is unable to do anything two or three days per week. Tr. 38.

Plaintiff estimated he can sit for 30-45 minutes, stand for 10-15 minutes, and walk one block before experiencing significant symptoms of pain. Tr. 32. He can lift his 3-year old son, who weighs approximately 26-28 pounds. Tr. 31-32.

When questioned by his attorney, Plaintiff described the effect pain has on his focus and concentration, stating, "Well, when you're working, and you're sitting there in pain, and you have a hard time focusing on the job that's on hand, and you know, I'm not going to do a good

job if I'm sitting there hurting." Tr. 36. Plaintiff also discussed problems with arthritis in his hands. Tr. 34. As a result, he reportedly drops things, and has difficulty with buttons and small tools. Tr. 34-35.

### C. Vocational Expert Testimony

Terry Vander-Molen, a vocational expert ("VE"), also testified at the hearing. Tr. 39-47. The ALJ proposed a series of hypotheticals regarding Plaintiff's residual functional capacity ("RFC") to the VE. *See id.* Based on Plaintiff's age, education, work experience and RFC, the VE testified that a significant number of jobs -- such as small parts assembler, with 10,000 jobs; housekeeper, with 30,000 jobs; and sales attendant, with 9,000 jobs -- exist in the regional economy which Plaintiff can perform. Tr. 41-44. The VE stated that his job findings were consistent with the information found in the Dictionary of Occupational Titles ("DOT"). Tr. 44. The VE next testified that if an individual missed two days of work a month on a fairly regular basis, they would be not be able to maintain competitive employment. Tr. 45.

When examined by Plaintiff's counsel, the VE testified that if additional limitations -- to low stress work, no production quotas, and a static work environment -- were imposed, the aforementioned jobs would be precluded. Tr. 68-69.

## II. APPLICABLE LAW

### A. Substantial Evidence Standard

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole.

*Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. *Id.*

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Thus, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A).[2] The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(2).

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. §§ 404.1520, 416.920. Although a dispositive finding at any step ends

the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the Listings), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Considering the claimant's age, education, past work experience, and RFC, can he or she perform other work available in the national economy?

20 C.F.R. § 404.1520(a)(4).

### III. ANALYSIS

As a preliminary note, Plaintiff's pertinent medical records have been adequately summarized in the parties' briefs and the administrative decision, *see* doc. 6, at PAGEID 40-42; doc. 12, at Tr. 14-15, and the Court will not repeat them here. Where applicable, the Court will identify the medical evidence relevant to its decision.

In his Statement of Errors, Plaintiff argues that the decision of the ALJ denying benefits should be reversed on eight different grounds:

1. The ALJ considered the wrong period of disability;

2. The hypothetical posed by the ALJ to the vocational expert materially differed from the ALJ's RFC finding;

3. The ALJ failed to properly consider the symptom of pain;

---

²The remaining citations will identify the pertinent DIB Regulations with full knowledge of the corresponding SSI Regulations.

4. The ALJ erred in not granting or even responding to Plaintiff's request for a state agency physical examination;

5. The ALJ did not make a sufficient credibility finding;

6. The ALJ fails to include any limitations related to Plaintiff's hand arthritis;

7. The ALJ mischaracterizes Plaintiff's daily activities; and

8. The ALJ's decision is not supported by substantial evidence and the Commissioner's position is not substantially justified.

Doc. 6 at PageID 43-51.

For the reasons that follow, the Court finds all of Plaintiff's allegations of error to be unmeritorious, and further finds the ALJ's decision to be supported by substantial evidence.

### a. Alleged Onset Date of Disability (First Assignment of Error)

Plaintiff argues that the ALJ committed reversible error by mistakenly identifying in his decision the original onset date of March 31, 2004, and not the amended date of February 20, 2008. *See* doc. 6 at PageID 44. The Commissioner's memorandum does not directly address this contention. *See* doc. 53.

Although Plaintiff is correct that the ALJ's decision improperly identifies the alleged onset date as March 31, 2004 and not the date as amended at the hearing, *see* Tr. 11, 13, 26, he nevertheless fails to identify how the ALJ's misidentification constitutes reversible error, and cites no cases or regulations in support of his argument that this case should be remanded on this basis.

Plaintiff's allegation -- that the ALJ's would have been different had the amended date been identified -- is unsupported by the record. The Court's review of the record reveals that

most, if not all, of the medical records contained therein are dated between 2008 and 2010. Tr. 222-391. The ALJ clearly considered Plaintiff's condition from the amended alleged onset date of February 20, 2008 onward, and his analysis does not identify the lack of medical records between March 2004 and February 2008 as a basis for his non-disability finding. Tr. 14-15.

The substantial evidence of record does not show Plaintiff suffered from a disabling condition for a twelve month period prior to February 2008, and any error related to the ALJ's use of the original alleged onset date is harmless, given that the ALJ fully considered Plaintiff's condition from the amended onset date of February 20, 2008 through the date of his decision. Accordingly, the Court finds no merit in this assignment of error.

    b.    **Plaintiff's Credibility, Pain, and Daily Activities (Third, Fifth, and Seventh Assignments of Error)**

Substantial evidence supports the ALJ's finding regarding Plaintiff's credibility, as well as the ALJ's consideration of Plaintiff's daily activities and allegations of pain.

The Sixth Circuit has long recognized that "credibility determinations with respect to subjective complaints of pain rest with the ALJ." *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652 (6th Cir. 2009). Furthermore, "[t]he ALJ's assessment of credibility is entitled to great weight and deference, since he had the opportunity to observe the witness's demeanor." *Infantado v. Astrue*, 263 Fed. Appx. 469, 475 (6th Cir. 2008) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)). Despite this deference, "an ALJ's assessment of a claimant's credibility must be supported by substantial evidence," *Walters*, 127 F.3d at 531, and the ALJ's decision on credibility must be "based on a consideration of the entire record." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

The Sixth Circuit has developed a two-step process for evaluating a claimant's complaints of pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (quoting *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994)). In making such determinations, "[d]iscounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id.* Furthermore, in assessing credibility, the ALJ may consider a variety of factors including "the location, duration, frequency, and intensity of the symptoms; ... [and] the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms[.]" *Rogers*, 486 F.3d at 247.

The record indicates that the ALJ properly employed the correct two-step standard in evaluating Plaintiff's complaints of pain. First, the ALJ determined that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms." Tr. 15. Second, the ALJ found that Plaintiff's statements about the pain's intensity were not credible "to the extent they are inconsistent with the [RFC] assessment." *Id.*

The ALJ's credibility determination is based upon substantial evidence of record. Specifically, the ALJ cited a variety of evidence to support his conclusion -- including the results of an MRI of the lumbar spine in 2008, as well as Plaintiff's decision to decline back surgery and opt for a series of spinal injections and pain management with medication. Tr. 14-15. In addition, the ALJ noted multiple visits in 2010 with Robert McCarthy, M.D. where Plaintiff had

no decreased range of motion, no joint stiffness, and no muscle weakness. *See* Tr. 15, 374-76, 378-80. Similarly, in those examinations, Dr. McCarthy observed that Plaintiff's posture and gait were normal, all four extremities were of normal strength and tone, and his only abnormality was some moderate tenderness in the lumbar spine. *Id.* Moreover, neither Dr. McCarthy, nor any other physician, opined that Plaintiff's impairments are completely debilitating and/or disabling.

Plaintiff's argument that the ALJ "mischaracterizes" his testimony regarding daily activities is unsupported by the record and hearing transcript. Although Plaintiff was hospitalized in April 2008 for acute exacerbation of COPD, *see* tr. 15, 225-53, and treatment records indicate that Plaintiff occasionally presented with some wheezing and rhonchi, the evidence of record shows that Plaintiff is able to keep his respiratory condition under control with Albuterol and Combivent. Tr. 366-71, 374-89. Regarding Plaintiff's lower back pain, the ALJ properly considered Plaintiff's own testimony, in which he admitted to taking care of his 3-year old son; doing yard work and housework; cooking; and installing new kitchen cabinets and flooring. *See Walters*, 127 F.3d at 531. The ALJ's finding that these activities are inconsistent with the level of limitation Plaintiff alleges is well-supported by substantial evidence. Tr. 15.

While Plaintiff argues that portions of the record indicate that he is still experiencing pain, evidence supporting an opposite conclusion is insufficient to reverse the ALJ's decision. There is a "zone of choice" within which the Commissioner's decision to deny benefits is supported by substantial evidence and, had the Commissioner granted benefits, that decision also would have been supported by substantial evidence. *Mullen v. Sec'y of Health & Human Servs.*, 800 F.2d 535, 548 (6th Cir. 1986). Therefore, the ALJ's credibility determination, analysis of

Plaintiff's subjective complaints of pain, and consideration of Plaintiff's daily activities are all supported by substantial evidence. Accordingly, the Court finds that the ALJ committed no reversible error on any of these grounds, and Plaintiff's assignments of error claiming otherwise are meritless.

### c. Plaintiff's Request for a Consultative Examination (Fourth Assignment of Error)

Plaintiff argues that the ALJ committed reversible error by failing to order a state agency physical examination. Doc. 6 at PageID 48. This argument implicates both the "substantial evidence" and "correct legal criteria" prongs of *Bowen*. 478 F.3d at 745-46.

The regulations provide that, in making a medical equivalence determination, the Social Security Administration will "consider the opinion given by one or more medical or psychological consultants designated by the Commissioner." 20 C.F.R. §404.1526(c). Nevertheless, "[t]he burden [is] on the claimant to provide a record sufficiently complete for the Secretary to make a determination." *Robinson v. Sullivan*, No. 89-3110, 1989 U.S. App. LEXIS 15671, at *2 (6th Cir. Oct. 12, 1989) (citing 20 C.F.R. §§ 416.912, 416.913(d)). "[T]he regulations do not require an ALJ to refer a claimant to a consultative specialist, but simply grant him the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." *Id.* (citing 20 C.F.R. § 416.917(a)). Accordingly, a "'full inquiry' does not require a consultative examination unless the record establishes that such an examination is *necessary* to enable the [ALJ] to make the disability decision." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) (emphasis in original).

Here, the ALJ had the benefit of being able to rely on the assessments of two state agency

reviewing physicians, who reviewed Plaintiff's record in October 2008 and February 2009, and found that Plaintiff could perform a reduced range of light work. Tr. 313-320, 336. Moreover, the reviewing physicians' opinions were well-supported. *See* 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3). As the ALJ explained, no doctor ever opined that Plaintiff was more limited than his RFC finding. Tr. 15. Even though Plaintiff contends that a consultative examination was necessary to properly determine his functioning, he failed to place relevant evidence supporting his claim of disabling impairments before the ALJ, and as the claimant, it is his responsibility to do so. *Landsaw*, 803 F.2d at 214. Moreover, because the ALJ's decision not to order a consultative examination is supported by substantial evidence, Plaintiff's allegation of error is without merit.

### d. The ALJ's Hypotheticals to the VE (Second Assignment of Error)

Plaintiff argues that the ALJ "neglects to make any mention of an inability to climb ramps or stairs" in posing hypothetical questions to the VE. Doc. 6 at PageID 45. Plaintiff further alleges that "[t]he jobs which the ALJ finds that [I] can perform are…not supported by the [VE's] testimony because the [VE] did not consider an inability to climb ramps or stairs in identifying those jobs." *Id.*

The Sixth Circuit has long held that "[a] statement of [a] claimant's abilities and limitations need not include an enumeration of every diagnosis or impairment." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002). "A hypothetical question is adequate if it accurately portrays a claimant's abilities and limitations." *Chandler v. Comm'r of Soc. Sec.*, 124 F.App'x 355, 359 (6th Cir. 2005).

In this case, the ALJ determined that Plaintiff is not capable of performing either his prior

work or a full range of light work, so he appropriately called a VE to testify whether Plaintiff, given his limitations, is capable of performing other jobs in the national economy. As noted above, the VE identified certain jobs that, in his expert opinion, a claimant with Plaintiff's vocational profile and RFC could perform. In responding to a number of hypotheticals posed by the ALJ, the VE testified that Plaintiff could perform a significant number of jobs in the region such as small parts assembler, housekeeper and sales attendant. Tr. 41-43. The VE also testified that these jobs were consistent with the DOT. Tr. 44.

At Step Five of the sequential evaluation process, an ALJ is permitted to consider "'reliable job information' available from various publications" as evidence of a claimant's ability to do other work "that exists in the national economy." S.S.R. 00-4p, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000) (citing 20 C.F.R. §§ 404.1566(d), 416.966(d)). Such publications include the DOT, which provides "information about jobs (classified by their exertional and skill requirements) that exist in the national economy." 20 C.F.R. § 404.1569.

As the Commissioner notes, according to the DOT, none of the jobs the VE identified require any climbing of stairs or ramps at all. *See* "Small Parts Assembler," DOT No. 739.687-030 (DICOT 739.687-030, 1991 WL 680180); "Cleaner, Housekeeping," DOT No. 323.687-014 (DICOT 323.687-014, 1991 WL 672783); "Sales Attendant," DOT No. 299.677-010 (DICOT 299.677-010, 1991 WL 672643). The DOT job description for each of these three positions states that climbing is "not present" and that the "activity or condition does not exist" in the each of the three positions. *Id.* As such, Plaintiff has not, and cannot, show any harm by the ALJ's hypothetical questions because he can still perform every job identified by the VE. Accordingly, the Court finds that the ALJ committed no error in the hypothetical questions he posed, and that

remanding this case as Plaintiff requests would be futile.

> e. **Plaintiff's Alleged Hand Problems (Sixth Assignment of Error)**

At Step Two of the sequential evaluation process, the ALJ identified the following severe impairments: degenerative disc disease; arthralgia; and COPD. Tr. 13. Plaintiff argues that the ALJ committed reversible error by not identifying any hand problems in his recounting of Plaintiff's severe impairments. Doc. 6 at PageID 49. Plaintiff further contends that the ALJ erred by not including any manipulative limitations in his RFC. *Id.*

Although Plaintiff saw Dr. McCarthy for hand arthritis in February 2008, the ALJ correctly noted that "subsequent medical records do not discuss any treatment sought by the claimant" for his hand arthritis. Tr. 14. *Cf. Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 846 (6th Cir. 2004) ("In the ordinary course, when a claimant alleges pain so severe as to be disabling, there is a reasonable expectation that the claimant will seek examination or treatment. A failure to do so may cast doubt on a claimant's assertions of disabling pain"). Additionally, reviewing physician Gary Hinzman, M.D. noted that despite some indication of arthritis in Plaintiff's hands, Plaintiff had a full range of motion in his arms and legs, and did not require manipulation, reaching, or handling restrictions in his RFC. Tr. 314-17.

Nevertheless, the ALJ incorporated into his hypotheticals to the VE limitations regarding "constant handling and fingering." Tr. 44. The VE testified that even if Plaintiff were "limited to frequent but not constant handling and fingering," he would still be able to perform all of the jobs identified by the VE. *Id.* As such, Plaintiff's assignment of error lacks merit, and the ALJ's decision is supported by substantial evidence.

### f. Substantial Evidence (Eighth Assignment of Error)

Plaintiff's Statement of Errors concludes with a summary argument that, for the reasons detailed in the first seven assignments of error, the ALJ's decision was not supported by substantial evidence.

It is not the Court's role to sift through the facts and make a *de novo* determination of whether a claimant is disabled. The ALJ, not the Court, is the finder of fact. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). So long as the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. §405(g); *Richardson*, 402 U.S. at 401. Where there is substantial evidence supporting the ALJ's resolution of the disputed facts, the Court must affirm the ALJ even if the Court would likely have resolved the disputed facts in Plaintiff's favor had it been the trier of fact. *Nunn v. Bowen*, 828 F.2d 1140, 1144 (6th Cir. 1987).

Were this Court to have been the initial finder of fact, hearing this case on a *de novo* basis, the result reached herein might well have been different. However, the task of this Court is not to determine whether the record contains substantial evidence of disability. Rather, the Court's task is limited to determining whether the Commissioner's decision of non-disability is supported by substantial evidence. In this matter, the record is so supported. *Mullen*, 800 F.2d at 548.

### IV. RECOMMENDATION

For the foregoing reasons, the Court finds all of Plaintiff's assignments of error to be unavailing. The ALJ's decision is supported by substantial evidence and should be affirmed.

## IT IS THEREFORE RECOMMENDED THAT:

1. The Commissioner's final non-disability finding be found supported by substantial evidence, and **AFFIRMED;** and

2. This case be **CLOSED**.

November 13, 2012                                              s/Michael J. Newman
                                                               United States Magistrate Judge


## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).